# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| Meghan M. Betz,<br><br>            Plaintiff,<br><br>v.<br><br>Law Office of Barbara Tsaturova, PLLC,<br><br>            Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1367 for pendent state law claims.

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Michigan Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MCPA"), by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred in Ionia County, Plaintiff resides in Ionia County, and Defendants transact business in Ionia County.

## PARTIES

4.  Plaintiff Meghan Betz is a natural person who resides in the County of Ionia, State of Michigan.

5.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

6.  Plaintiff is a "debtor" as the term is defined by M.C.L. §§ 445.251(d).

7.  Plaintiff is a "consumer" as the term is defined by M.C.L. §§ 445.251.

8.  Defendant Law Office of Barbara Tsaturova, PLLC, is a Michigan professional limited liability company that conducts business from 400 S. State Street, Suite 100-A, Zeeland, Michigan, and maintains a registered office in Ottawa County, Michigan.

9.  Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

10. Defendant is a "regulated person" as that term is defined by M.C.L. §§ 445.251(g).

11. Defendant's agent and employees are "regulated persons" as that term is defined by M.C.L. § 445.251(g).

## FACTUAL ALLEGATIONS

12. In 2015 Plaintiff incurred financial obligations (the "Debt") that were primarily for personal, family, or household purposes related to medical services provided by Spectrum Health Hospitals, Spectrum Health Primary Care Partners DBA Spectrum Health Medical Group.

13. The Debt is therefore a "debt" as that term is defined by the FDCPA and MCPA.

14. Sometime after the Debt was incurred, Plaintiff defaulted.

15. After the Plaintiff defaulted on the Debt, one or more accounts were then transferred or assigned to Defendant for collection.

16. On or about July 1, 2016, Defendant filed a complaint for damages in Ionia County's 64-A District Court seeking damages in the amount of $1784.10. The 64-A District Court assigned case number 16-0978-GC to the civil action (the "64-A Case").

17. Defendant's client in the 64-A Case, Spectrum Health Hospitals, is a tax-exempt entity under 26 U.S.C. § 501(r), and is subject to 26 U.S.C. § 501(r).

18.  Defendant's client in the 64-A Case, Spectrum Health Hospitals, has maintained tax-exempt status under 26 U.S.C. § 501(r) from January 1, 2015, to present.

19.  26 U.S.C. § 501(r)(6) states: "Billing and collection requirements. An organization meets the requirement of this paragraph only if the organization does not engage in extraordinary collection actions before the organization has made reasonable efforts to determine whether the individual is eligible for assistance under the financial assistance policy described in paragraph (4)(A)."

20.  The filing of the 64-A Case was an "extraordinary collection action."

21.  The use of a third-party debt collection entity is an "extraordinary collection action."

22.  Neither Defendant, not its client, made reasonable efforts to determine whether the Plaintiff was eligible for assistance under a financial assistance policy described in at 26 U.S.C. § 501(r)(4)(A), prior to filing the 64-A Case.

23. Defendant began collection activity on Plaintiff's account before it made reasonable efforts to determine whether the Plaintiff is eligible for assistance under a financial assistance policy described by 26 U.S.C. § 501(r)(4)(A).

24. Defendant filed the 64-A Case before it made reasonable efforts to determine whether the Plaintiff was eligible for assistance under a financial assistance policy described by 26 U.S.C. § 501(r)(4)(A).

25. During a telephone call on or about July 22, 2106, Defendant's agent informed Ms. Betz that she owed $1945.99.

26. As of July 22, 2016, no Judgment had been entered in the state court case.

27. As of July 22, 2016, Plaintiff did not owe $1945.99 on the Debt.

28. The statement of Defendant's agent on or about July 22, 2016, that Plaintiff owed $1945.99 was false.

29. The statement of Defendant's agent on or about July 22, 2016, that Plaintiff owed $1945.99 was misleading.

30. The statement of Defendant's agent on or about July 22, 2016, that Plaintiff owed $1945.99 was untrue.

31. The statement of Defendant's agent on or about July 22, 2016, that Plaintiff owed $1945.99 was deceptive.

32. Defendant is required by 15 U.S.C. § 1692g(a)(1)-(5) to provide Plaintiff with certain notices during the initial communication, or within five days thereafter.

33. Defendant did not provide Plaintiff notice required by 15 U.S.C. § 1692g(a)(3)-(5) to Plaintiff during the initial communication, or within five days thereafter.

34. Plaintiff has suffered an injury in fact traceable to Defendant's conduct that is likely to be redressed by a favorable decision in this matter.

35. As a direct, actual, and proximate result of the acts and omissions of each Defendant, Plaintiff has suffered actual damages in the form of emotional distress, frustration, upset, and loss of productivity, amongst other negative emotions, as well as costs and fees incurred to defend the 64-A Case.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## <u>CAUSES OF ACTION</u>

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION
### PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*

39. Defendant violated 15 U.S.C. § 1692d.

40. Defendant violated 15 U.S.C. § 1692e.

41. Defendant violated 15 U.S.C. § 1692e(2)(A).

42. Defendant violated 15 U.S.C. § 1692e(2)(B).

43. Defendant violated 15 U.S.C. § 1692e(5).

44. Defendant violated 15 U.S.C. § 1692e(10).

45. Defendant violated 15 U.S.C. § 1692f.

46. Defendant violated 15 U.S.C. § 1692f(1).

47. Defendant violated 15 U.S.C. § 1692g(a)(3).

48. Defendant violated 15 U.S.C. § 1692g(a)(4).

49. Defendant violated 15 U.S.C. § 1692g(a)(5).

50.   As a result of Defendant's violations of the FDCPA, Plaintiff is en-
titled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); stat-
utory damages in an amount up to $1,000.00 pursuant to 15 U.S.C.
§ 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursu-
ant to 15 U.S.C. § 1692k(a)(3), from the Defendant.

## COUNT II.
## VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT M.C.L § 445.251 *et seq.*

51.   Plaintiff incorporates by reference all of the above paragraphs of
this Complaint as though fully stated herein.

52.   The foregoing acts and omissions of Defendant and its agents con-
stitute numerous and multiple violations of the MCPA including,
but not limited to, each and every one of the above-cited provisions
of the MCPA, M.C.L. § 445.251 *et seq.*

53.   Defendant violated M.C.L. § 445.252(a).

54.   Defendant violated M.C.L. § 445.252(e).

55.   Defendant violated M.C.L. § 445.252(f)(i).

56.   Defendant violated M.C.L. § 445.252(f)(ii).

57.   Defendant violated M.C.L. § 445.252(n).

58.   Defendant violated M.C.L. § 445.252(q).

59.     As a result of Defendant's willful violations of the MCPA, Plaintiff

        is entitled to actual damages above $50.00 pursuant to M.C.L. §

        445.257; statutory damages in an amount up to $150.00 pursuant

        to M.C.L. § 445.257; and, reasonable attorney's fees and court costs

        pursuant to M.C.L. § 445.257, from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against

Defendant as follows:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION
### PRACTICES ACT, 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. §
  1692k(a)(1) against Defendant and favor Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15
  U.S.C. §1692k(a)(2)(A) against Defendant and favor of Plaintiff;
  and

- for an award of costs of litigation and reasonable attorney's fees
  pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and in fa-
  vor of Plaintiff.

## COUNT II.
## VIOLATIONS OF THE MICHIGAN COLLECTION
## PRACTICES ACT M.C.L § 445.251 *et seq.*

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and in favor of Plaintiff;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and in favor of Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and in favor of Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: December 5, 2016

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com